PAUL KOBLITZ and Others, Plaintiffs, *v.* GEORGE A. KRUG BAKING COMPANY, INC., and Another, Defendants.

Supreme Court, Kings County, July 12, 1935.

*John Dunaif* [*Louis Timberg* and *Rubin Mazel* on the brief], for the plaintiffs.

*Battle, Levy, Van Tine & Fowler* [*Isaac H. Levy* and *Thomas Stokes* of counsel], for the defendants.

STEINBRINK, J. This is a motion to dismiss the complaint as against the defendant George A. Krug Baking Company, Inc., hereinafter referred to as Krug. There are three plaintiffs, each of whom plead two causes of action identical in form against the moving defendant, and for convenience they will be considered as two groups. Under the first of these it is alleged that the codefendant Burke, an employee of the defendant Krug on one of its routes selling bakery products to its customers, was " a man of violent temper, of an ungovernable and impetuous nature and of intemperate habits;" that despite knowledge by the defendant Krug of these anti-social propensities, he was engaged and permitted to remain in its employ; and that while in its employ the codefendant Burke assaulted the plaintiff. To succeed, the plaintiff must allege and prove that the assault was occasioned by reason of the defendant Burke's vicious characteristics, for it is only by doing so that a causal connection could be established between the negligence of the defendant Krug in hiring and retaining Burke in its employ and the injuries sustained by the plaintiff. (Restatement of the Law of Agency, § 213, comment d.) Plaintiff's failure to allege the causal connection renders this portion of the complaint defective.

Under the second group it is alleged that codefendant Burke, while acting in the discharge of his duties, in behalf of his employer and with a view of furthering his employer's business and for the purpose of executing his employer's orders, " violently assaulted the plaintiff, * * * struck him several violent blows in the mouth, face, ear and head, and threw him against the wall." A cause of action is properly stated. In view of the allegations that the codefendant Burke struck the plaintiff several blows in various

parts of the body, there was no need for the formal allegation that the assault was intentionally inflicted, nor is it necessary in a pleading to amplify the ultimate fact that the assault was committed while the servant was engaged in his master's business and in furtherance of its interests.

This motion is granted as to paragraphs second, fifth and eighth, and denied as to paragraphs third, sixth and ninth.